UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jametrius L. Judge,<br>*a/k/a Jametrius Laquan Judge*,<br><br>Petitioner,<br><br>vs.<br><br>United States of America,<br><br>Respondent. | ) C/A No. 2:11-3031-TLW-BHH<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

Petitioner, Jametrius L. Judge, also known as Jametrius Laquan Judge, ("Petitioner") a self-represented federal prisoner confined in the Federal Bureau of Prisons' Federal Correctional Complex Butner ("FCC Butner") in Buttner, North Carolina, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening Petitioner's habeas petition and attachments to determine if "it

1

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, it plainly appears from the instant Petition that this

Court lacks jurisdiction to hear the Petition. Accordingly, the Petition submitted in this case should be summarily dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner alleges that he was sentenced in violation of the Fifth and Fourteenth Amendments, Fed. R. Civ. P. 35(c)(3)(D), and U.S.S.G. 6A1.3(a) "based on factual inaccuracies" in his presentence report which "resulted in an illegal harsher unjustifed sentence, that your Petitioner was given [2] points . . . in U.S.S.G. 2k2.1(b)(1)(A) and (b)(4) . . . based upon guns stolen by petitioner's Co-Defendant, not the Petitioner." ECF No. 1, p. 3. Petitioner alleges that "the government relie[d] upon the proponderence of the evidence . . . that the Petitioner actually aided his Co-Defendant in possession of the stolen guns, this violates Rule 32(c)(3)(D) Federal Rules of Criminal Procedure, that renders the sentence illegal, this must be vacated." *Id.* Petitioner alleges that "[t]he Government never provided any reliable evidence that he knew or aided and abetted his Co-Defendant in those stolen guns, to come up under the relevant conduct provisions of U.S.S.G. 6A1.3(a)." *Id.* Petitioner cites to "*Booker v. United States*, 159 L. Ed 2d 838 (2004)" (sic) for authority that his enhanced sentence, "based upon Petitioner's Co-Defendant's acts or omissions under the preponderance standard of relevant conduct[,] thus violated the due process clause of the Fifth and Sixth amendments." ECF No. 1, p. 4. Petitioner asks that this Court "apply retroactively the new rule in U.S.S.G. 6A1.3 commentary in *Booker v. United States* and strike out paragraphs # 45, 46 in illegal enhancements and Vacate the illegal sentence." ECF No. 1, p. 5.

Although the Petition provides no details about Petitioner's conviction and sentence, this Court's records indicate that, on June 26, 2007, Petitioner was charged with four counts of criminal conduct in the superseding indictment in *United States v. Jametrius Laquan Judge*, C/A No. 4:06-1317-TLW (D.S.C.).[1] On July 18, 2007, Petitioner pled guilty to Count 9 of the Superseding Indictment, which charged Petitioner with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). On October 30, 2007, Petitioner was sentenced to 102 months of imprisonment to be followed by three years of supervised release. Judgment was entered in the petitioner's case on November 15, 2007. Petitioner timely appealed his conviction to the Fourth Circuit Court of Appeals. On July 2, 2009, the Fourth Circuit issued an opinion affirming Petitioner's conviction, in *United States v. Jametrius Laquan Judge, et. al*, No. 07-5101 (4th Cir. 2009) (unpublished). Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, on November 6, 2009, raising one ground for relief, *i.e.* that his trial counsel was ineffective for failing to object to "an unwarranted 2 level enhancement pursuant to 2K2.1(b)(4)." On April 7, 2010, Petitioner's § 2255 motion was denied, the Government's motion for summary judgment was granted, Petitioner's 2255 motion was dismissed with prejudice, and this Court concluded that it was not appropriate to issue a certificate of appealability. Petitioner filed a notice of appeal and motion for a certificate of appealability.

---

[1] The Court takes judicial notice of Petitioner's prior district and circuit court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

On September 7, 2010, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal.

## DISCUSSION

Title 28 U.S.C. § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (collecting cases from other circuits); *see also United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself"). However, when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 may be used to attack a federal conviction and sentence. 28 U.S.C. § 2255(e). To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner must meet the specific requirements set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

By filing the instant Petition under § 2241 and attempting to invoke *United States v. Booker*, 543 U.S. 220 (2005), it appears that Petitioner intends to assert that his situation fits the "savings clause" of § 2255(e), which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

However, it is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See Jones*, 226 F.3d AT 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5.

Petitioner cannot claim that § 2255 is inadequate or ineffective in his situation merely because his previous § 2255 motion was rejected on the merits. Nor can Petitioner claim that he satisfies the Fourth Circuit's *In re Jones* test or show any other exceptional reason to justify his resort to § 2241 to raise an alleged sentencing-error issue. Petitioner's allegations do not satisfy the second element of the *Jones* test, because the substantive law change that Petitioner cites, *i.e. United States v. Booker*, 543 U.S. 220 (2005), did *not* occur "subsequent to the prisoner's direct appeal and first § 2255 motion." As noted above, Petitioner was convicted and sentenced in 2007 and *Booker* was decided in 2005. More importantly, *Booker* did not change the law "such that the conduct of which [Petitioner] was convicted [wa]s deemed not to be criminal."

In attempting to invoke *United States v. Booker*, 543 U.S. 220 (2005), the Petition could also be liberally construed to allege that Petitioner's situation fits the gate-keeping provision of § 2255(h) and allegedly provides grounds for authorization of a second/successive § 2255 motion. However, as noted above, *Booker* was decided by the United States Supreme Court in January 2005 and Petitioner was convicted in July 2007 and sentenced in October 2007. The Supreme Court expressly provided that *Booker* applied only to cases on direct review, and the Fourth Circuit held, in *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005), that *Booker* did not apply retroactively to cases on collateral review because although the rule announced in *Booker* was a new criminal procedural rule, it was not a watershed rule. Thus Petitioner cannot argue that his conviction and sentence is unlawful based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Even if Petitioner could satisfy the gate-keeping provision of § 2255(h), Petitioner would still be required to obtain authorization from the Fourth Circuit, under § 2244(b)(3)(A), *before* filing a second/successive § 2255 motion in this Court.

If, by citing *Booker*, Petitioner intends to assert that the sentencing court simply failed to correctly apply the law when sentencing him, then such a claim is cognizable only on direct appeal or via a § 2255 motion and Petitioner is barred from asserting that claim here, again, because he has already filed a direct appeal of his criminal conviction and sentence, which was affirmed by the Fourth Circuit, in July 2009. And Petitioner has already filed a § 2255 motion, which was dismissed with prejudice by this Court, in April 2010, and affirmed by the Fourth Circuit, in September 2010.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without issuance and service of process upon Respondent.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 4, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).